IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK SHAWN FLORANG,<br><br>Defendant. | Case No. CR06-0092<br><br>REPORT AND RECOMMENDATION |

_____

This matter comes before the court pursuant to defendant's August 11, 2006 motion to sever (docket number 20). This matter was referred to the undersigned United States Magistrate Judge for the issuance of a report and recommendation. It is recommended that defendant's motion to sever be denied.

Defendant argues that the interests of justice dictate that counts 2, 3, 4, and 5 should be tried together, and that counts 1, 6, 7, 8, 9, and 10 should be tried together.[1] Specifically, defendant contends that severance is necessary because the jury should not know of the defendant's previous drug offense and should not have any knowledge of his being a felon.[2]

---

[1] Count 1 charges the defendant with possession of firearms by a drug user on August 17, 2004. Counts 2, 3, 4, and 5 charge the defendant with distribution of methamphetamine on June 9, 2005, June 15, 2005, July 5, 2005, and July 12, 2005, respectively, after having been convicted of a felony drug offense. Counts 6 and 8 charge the defendant with possession of marijuana on July 12, 2005 and January 13, 2006, respectively, after having been convicted of a felony drug offense. Counts 7 and 9 charge the defendant with possession of ammunition by a drug user and felon on July 12, 2005, and January 13, 2006, respectively. Count 10 charges the defendant with conspiracy to distribute more than five (5) grams of methamphetamine after having been convicted of a felony drug offense.

[2] A more thorough and specific analysis of defendant's arguments cannot be gleaned from
(continued...)

1

The government resists defendant's motion, arguing that the charged offenses are properly joined under Rule 8 because they are similar in character. The government further argues that the drug conviction is part of the evidence on Count 1, Rule 404(b) evidence on the other drug counts, and an element of the felon in possession counts. The government notes that the alleged offenses occurred within a relatively short period of time, i.e., between August 17, 2004 and January 13, 2006. The government also contends that the defendant has not established the requisite prejudice as to warrant severance under Rule 14, noting that the defendant may enter into a stipulation regarding his prior felony record if he does not want this evidence before the jury.

Fed. R. Crim. P. 8(a) provides:

> The indictment or information may charge a defendant with 2 or more offenses if the offenses charged-whether felonies or misdemeanors or both-are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

"Two offenses may be charged and tried together if they are of the 'same of similar character' Fed. R. Crim. P. 8(a), and [w]here the offenses are similar in character and occurred over a relatively short period of time and the evidence overlaps." United States v. Tyndall, 263 F.3d 848, 849 (8th Cir. 2001).

Fed. R. Crim P. 14(a) provides, in pertinent part:

> If the joinder of offenses . . . appears to prejudice a defendant or the government, the court may order separate trial of counts . . . or provide any other relief that justice requires.

Under Rule 14(a), the court may sever properly joined offenses if it appears that the defendant is prejudiced by a joinder of the offenses. U.S. v. Davis, 103 F.3d 660, 676

---

²(...continued)
defendant's cursory motion, and defendant failed to file a brief in support of his motion, as required by LCrR 1.1 and LR 7.1d. The court will not deny defendant's motion on this basis, although defendant is advised that future pleadings may be stricken for failure to comply with the local rules. See LR 1.1(f).

(8th Cir. 1996). "Prejudice may result from a possibility that the jury might use evidence of one crime to infer guilt on the other or that the jury might cumulate the evidence to find guilt on all crimes when it would not have found guilt if the crimes were considered separately." Id. (citing Closs v. Leapley, 18 F.3d 574, 578 (8th Cir. 1994)). However, a defendant does not suffer undue prejudice if the evidence is such that one crime would be probative and admissible at the defendant's separate trial of the other crime. Id. (citing United States v. Robaina, 39 F.3d 858, 861 (8th Cir. 1994)).

Under Rule 8(a), the court finds that the counts charged are of the same or similar character, making proper their joinder. Generally speaking, the offenses charged involve drugs, guns, and money, and occurred over a relatively short period of time. It has long been recognized that guns are "tools of the trade" in drug dealing. See United States v. McClain, 171 F.3d 1168, 1171 (8th Cir. 1999) (citing United States v. Regans, 125 F.3d 685, 686 (8th Cir. 1997) (observing that a firearm is a "tool of the trade" for drug dealers and that "an enhancement may be given even where the drug offense only involves possession" as opposed to distribution, recognizing that the "guidelines target the increased risk of violence when a gun is combined with any drug felony."). See also United States v. Lindsey, 782 F.2d 116, 117 (8th Cir. 1986) (finding joinder proper despite seventeen-month gap between offenses); United States v. Rodgers, 732 F.2d 625, 629 (8th Cir. 1984) (affirming joinder in case with twenty-month period between offenses); Tyndall, 263 F.3d at 850 (finding that two incidents, a year part, occurred over a "relatively" short period of time for joinder purposes).

Likewise, the court finds that the defendant has not demonstrated sufficient prejudice to warrant severance under Rule 14(a). See United States v. Yates, 734 F.3d 368, 369 (8th Cir. 1984) ("In order for a party to prevail on a claim that the court should have severed, he must show clear prejudice and an abuse of discretion.") (citations omitted); U.S. v. Rogers, 150 F.3d 851, 857 (8th Cir. 1998) (finding no prejudice in denying defendant's motion for severance where defendant agreed to the stipulation

3

regarding the nature of the underlying felonies, the court allowed testimony on the underlying felonies, and the court instructed the jury to consider the prior felony convictions only in determining whether defendant committed the firearm offense). The prior drug transactions would likely be admissible as 404(b) evidence in the conspiracy charge. United States v. Adams, 401 F.3d 886, 899 (8th Cir. 2005) (noting that evidence of participation in other drug transactions is relevant to show knowledge and intent to join the conspiracy).

For the reasons discussed above, **IT IS RECOMMENDED**, unless any party files objections[3] to the Report and Recommendation within ten (10) days of the date of the report and recommendation, that the defendant's motion to sever (docket number 20) be denied.

August 22, 2006.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT

---

[3]Any party who objects to this report and recommendation must serve and file specific, written objections within ten (10) court days from this date. A party objecting to the report and recommendation must arrange promptly for a transcription of all portions of the record the district court judge will need to rule on the objections.

4