# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 06-CR-92-LRR |
| vs. | |
| PATRICK SHAWN FLORANG, | **ORDER** |
| Defendant. | |

_____

## *I. INTRODUCTION*

The matter before the court is Defendant Patrick Florang's Objection (docket no. 27) to the Report and Recommendation (docket no. 23) which recommended denial of Defendant's Motion to Sever (docket no. 20).

## *II. PROCEDURAL BACKGROUND*

On July 11, 2006, Defendant was charged in a ten-count Indictment. Count 1 charges Defendant under 18 U.S.C. §§ 922(g)(3) and 924(a)(2) with knowingly possessing, in and affecting commerce, one or more firearms, to wit:

      (1) a Davis Derringer .38 caliber pistol;
      (2) a Sturm Ruger .357 caliber Super Blackhawk pistol, serial no. 30-52814;
      (3) a Hi-Standard .22 caliber revolver;
      (4) a Taurus .38 Special;
      (5) an H&R Topper M48 20 gauge shotgun, serial no. G11607;
      (6) a Blissfield Model 844 12 gauge shotgun, serial no. IG52652;
      (7) a 12 gauge over/under shotgun, serial no. 127307;
      (8) a Marlin Model 60 .22 caliber rifle, serial no. 21341892;

    (9) a Springfield Model 87A .22 caliber rifle;
    (10) a Charter Arms AR-7 rifle; and
    (11) a Marlin Model 60 .22 caliber rifle, serial no. 23464570;

on about August 17, 2004, while being an unlawful user of a controlled substance.

  Count 2 charges that, on or about June 9, 2005, Defendant, after having been previously convicted of a felony drug offense, knowingly and intentionally distributed and aided and abetted the distribution of a mixture or substance which contained a detectable amount of methamphetamine, approximately 3.3 grams of actual (pure) methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 851 and 18 U.S.C. § 2.

  Count 3 charges that, on or about June 15, 2005, Defendant, after having been previously convicted of a felony drug offense, knowingly and intentionally distributed and aided and abetted the distribution of a mixture or substance which contained a detectable amount of methamphetamine, approximately 6.4 grams of actual (pure) methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 851 and 18 U.S.C. § 2.

  Count 4 charges that, on or about July 5, 2005, Defendant, after having been previously convicted of a felony drug offense, knowingly and intentionally distributed and aided and abetted the distribution of a mixture or substance containing a detectable amount of methamphetamine, approximately 5.2 grams of actual (pure) methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 851 and 18 U.S.C. § 2.

  Count 5 charges that, on or about July 12, 2005, Defendant, after having been previously convicted of a felony drug offense, knowingly and intentionally distributed and aided and abetted the distribution of a mixture or substance which contained a detectable

amount of methamphetamine, approximately 10.2 grams of actual (pure) methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 851 and 18 U.S.C. § 2.

Count 6 charges that on or about July 12, 2005, Defendant, after having been previously convicted of a felony drug offense, knowingly and unlawfully possessed marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 844 and 851.

Count 7 charges that, on about July 12, 2005, Defendant, who was an unlawful user of a controlled substance and had previously been convicted of a crime punishable for a term exceeding one year, knowingly possessed the following ammunition in and affecting commerce:

> (1) two boxes of Winchester 12 gauge "Double X Magnum" shot at twenty-five (25) rounds each box;
> (2) one box of fourteen (14) rounds of Federal 12 gauge shot;
> (3) one box of twenty-one (21) rounds of Federal 12 gauge shot;
> (4) one container of fifty-two (52) .22 caliber rounds;
> (5) one box of twenty-four (24) rounds of Remington 410 gauge shot;
> (6) two boxes of 5.56 mm rounds at 20 rounds per box;
> (7) one box of five (5) rounds of Winchester 12 gauge 00 buckshot;
> (8) one box of fifth (sic) (50) 9mm Cloverleaf reloaders;
> (9) one box of thirty (30) rounds of Smith and Wesson .38 special;
> (10) one box of eighteen (18) rounds of Winchester "Wildcat" .22 caliber rounds;
> (11) one box of fifty (50) rounds of Winchester "Wildcat" .22 caliber rounds;
> (12) one box of 50 rounds of Remington .22 caliber low velocity rounds; and
> (13) one box of five (5) rounds of Winchester 410 gauge hollow point slugs;

in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(3) and 924(a)(2).

Count 8 charges that, on or about January 13, 2006, Defendant, after having previously been convicted of a felony drug offense, knowingly and unlawfully possessed marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 844 and 851.

Count 9 charges that, on about January 13, 2006, Defendant, who was an unlawful user of a controlled substance and had previously been convicted of a crime punishable for a term exceeding one year, did knowingly possess, in and affecting commerce, ammunition, to wit: one box of Winchester 20 gauge shotgun shells, in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(3) and 924(a)(2).

Count 10 charges that, between about April 2005 and July 2005, Defendant, after having been previously convicted of a felony drug offense, knowingly and unlawfully combine, conspire, confederate and agree with each other and other persons to distribute a mixture or substance which contained a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 851.

On August 11, 2006, Defendant filed a Motion to Sever ("Motion"). In such Motion, Defendant seeks to sever Counts 2, 3, 4 and 5 from Counts 1, 6, 7, 8, 9 and 10 for trial purposes. On August 15, 2006, the government filed a Resistance to Defendant's Motion ("Resistance"). On August 22, 2006, Chief Magistrate Judge John A. Jarvey entered a Report and Recommendation, recommending the denial of Defendant's Motion. On September 1, 2006, Defendant filed his Objection to the Report and Recommendation ("Objections"). The court finds these matters to be fully submitted and ready for decision.

### III. STANDARD OF REVIEW

The district court judge is required to make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which a movant objects.

4

28 U.S.C. § 636(b)(1)(C); *see also United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003). The district court judge may accept, reject or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); *see also United States v. Trice*, 864 F.2d 1421, 1424 (8th Cir. 1988). Defendant has made specific, timely objections to the Report and Recommendation. Therefore, *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made" is required. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b) (requiring *de novo* review of a magistrate judge's report and recommendation on dispositive motions).

## IV. ANALYSIS

### A. Findings of Fact[1]

In August 2004, law enforcement officers executed a drug search warrant at Defendant's residence and found large sums of United States currency, several firearms and evidence of drug use and distribution.

On February 1, 2005, Defendant entered a guilty plea in state court to possession with intent to deliver marijuana and methamphetamine based upon the drugs found during the August 2004 search.

On June 9, 2005, June 15, 2005, July 5, 2005 and July 12, 2005, law enforcement officers made a series of controlled buys of methamphetamine from Defendant. Based upon the evidence collected during the controlled buys, officers conducted a second search of Defendant's residence on about July 12, 2005. During this second search, officers found large sums of United States currency, thirteen boxes of ammunition and evidence of drug use.

---

[1] These are the facts alleged in the Indictment and the government's Resistance to Defendant's Motion.

On January 13, 2006, law enforcement officers executed a warrant to search Defendant's residence a third time. During this third search, officers found large sums of United States currency, one box of ammunition and evidence of drug use.

### B. Conclusions of Law

Defendant asserts that Magistrate Judge Jarvey improperly determined that he could receive a fair trial without severing Counts 1, 7, 8 and 9 (the counts charging possession of firearms and ammunition while being a drug user or while having a prior conviction and conspiracy to distribute drugs) from Counts 2, 3, 4, 5, and 10 (the counts charging the distribution of drugs after having been convicted of a felony drug offense).[2] Defendant alleges that "if all of the counts are presented to the jury then the jury [would] know about his previous felony" which would prejudice him such that he could not receive a fair trial.

### 1. *Joinder*

In his Report and Recommendation, Magistrate Judge Jarvey properly determined that the charges against the Defendant are of similar character and, therefore, are properly joined in the Indictment and for trial. Federal Rule of Criminal Procedure 8(a) provides

> The indictment or information may charge a defendant with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a); *see also United States v. Tyndall*, 263 F.3d 848, 849 (8th Cir. 2001) (holding that offenses of the same or similar character which occurred over a

---

[2] In his Motion, Defendant asserted that Counts 2, 3, 4 and 5 should be tried together and Counts 1, 6, 7, 8, 9 and 10 should be tried together. In his Objection, however, Defendant appears to assert that Counts 1, 7, 8 and 9 should be tried together and Counts 2, 3, 4, 5, 6 and 10 should be tried together.

relatively short period of time and have overlapping evidence may be charged and tried together) (citing *United States v. McClintic*, 570 F.2d 685, 689 (8th Cir. 1978)). "The rule [governing joinder of offenses] is broadly construed in favor of joinder to promote the efficient administration of justice." *United States v. Johnson*, No. 05-4485, 2006 WL 2571729, at *6 (8th Cir. Sept. 8, 2006) (citing *United States v. Rock*, 282 F.3d 548, 552 (8th Cir. 2002) and *United States v. Little Dog*, 398 F.3d 1032, 1037 (8th Cir. 2005)).

Defendant is charged with possession of multiple firearms and sixteen boxes of ammunition in Counts 1, 7 and 9 and with possession, distribution or conspiracy to distribute controlled substances in Counts 2, 3, 4, 5, 6, 8 and 10. Offenses are properly joined if they are "factually interrelated." *See United States v. Rock*, 282 F.3d 548, 552 (8th Cir. 2002). The court is mindful of the fact that drug dealing and firearms often co-exist. *See United States v. Caballero*, 420 F.3d 819, 821 (8th Cir. 2005) ("Evidence of firearms possession is admissible and relevant as 'tools in the drug trade' in circumstantially proving involvement in drug trafficking.") (citing *United States v. Dierling*, 131 F.3d 722, 732 (8th Cir. 1997)).

Further, the offenses charged in the Indictment occurred over a relatively short period of time, namely from August 17, 2004, to January 13, 2006, a period of seventeen months. *See United States v. Lindsey*, 782 F.2d 116, 117 (8th Cir. 1986) (holding that joinder of offenses occurring over a seventeen month period of time was proper); *United States v. Rodgers*, 732 F.2d 625, 629 (8th Cir. 1984) (holding that "[t]he time period is relative to the similarity of the offenses, and the possible overlapping of evidence").

The offenses charged are similar in character. As the government noted in its Resistance, "the drug conviction is part of the evidence on Count 1, Rule 404(b) evidence on the other drug counts, and an element of the felon in possession counts." Accordingly, the offenses charged in the Indictment are properly joined for trial pursuant to Rule 8(a).

7

Defendant's Objection is, therefore, overruled.

### *2. Severance*

Defendant asserts that, even if the offenses are properly joined, the counts should be severed for trial to prevent prejudice to him. Federal Rule of Criminal Procedure 14(a) provides for relief

> [i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a) (emphasis in original). "The presumption against severing properly joined cases is strong . . . ." *United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir. 2005) (citing *United States v. Delpit*, 94 F.3d 1134, 1143 (8th Cir. 1996)).

The Eighth Circuit Court of Appeals has discussed Rule 14(a) as follows:

> Prejudice may result from a possibility that the jury might use evidence of one crime to infer guilt on the other or that the jury might cumulate the evidence to find guilt if the crimes were considered separately. On the other hand, a defendant does not suffer any undue prejudice by a joint trial if the evidence is such that one crime would be probative and admissible at the defendant's separate trial of the other crime.

*United States v. Davis*, 103 F.3d 660, 676 (8th Cir. 1996). Prejudice can be lessened by jury instructions which instruct the jury to consider each count and the evidence pertaining to each count separately. *See United States v. Lawson*, 173 F.3d 666, 671 (8th Cir. 1999) (affirming district court's denial of defendant's severance motion where he was charged with four counts of being a felon in possession and noting that the jury was instructed to consider each count separately).

Defendant has failed to demonstrate that the joinder of the charges against him will

prejudice his case.

> Generally, the government has discretion to determine how it will present its case and it is not required to accept a defendant's stipulations. *Old Chief* [*v. United States*], 519 U.S. [172,] 186-87 [(1997)]. But where the defendant's status as a felon is an element of the crime charged, all the jury needs to know is that he is a felon for purposes of the crime charged, and it is unnecessary for the government to offer additional, potentially prejudicial, evidence regarding the facts and circumstances of the previous bad acts. *Old Chief*, 519 U.S. [at] 190-91. "If the evidence goes to an issue other than character, such as intent, motive, etc., the court then asks whether the Federal Rule of Evidence 402's relevancy requirement is met and whether the probative value of the evidence is substantially outweighed by the prejudicial effect under Federal Rule of Evidence 403." [*United States v.*] *Hill*, 249 F.3d [707,] 710 [(8th Cir. 2001)]. Federal rule of Evidence 403 allows the district court to exclude otherwise relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof of specific to the offense charged." *Old Chief*, 519 U.S. at 180.

*United States v. Mahasin*, 442 F.3d 687, 690 (8th Cir. 2006). However, when the sole purpose of admitting evidence is to prove a defendant's status as a convicted felon, the Defendant may stipulate to the existence of the prior felony and the government must accept that stipulation. *Old Chief v. United States*, 519 U.S. 172, 190-92 (1997); *see Unites States v. Cunningham*, 133 F.3d 1070, 1075 (8th Cir. 1998) (explaining that *Old Chief* "held that a district court abuses its discretion when it rejects a defendant's offer to

9

stipulate his status as a felon under a Section 922(g)(1) offense and instead admits the full records of a prior judgment of conviction, if evidence concerning the name or nature of the prior conviction increases the risk of a verdict tainted by improper considerations"). For the purposes of proving one of the elements in Counts 2, 3, 4, 5, 6, 7, 8, 9 and 10, Defendant and the government may stipulate that Defendant was previously convicted of a drug related felony.

Each of the counts charged against Defendant involve his use or distribution of a controlled substance. Accordingly, the underlying facts of Defendant's prior conviction, i.e. that he previously possessed marijuana and methamphetamine with intent to deliver, are admissible to show Defendant's knowledge and intent pursuant to Federal Rule of Criminal Procedure 404(b). *See United States v. Adams*, 401 F3d 886, 899 (8th Cir. 2005) (noting that evidence of participation in other drug transactions is relevant to show knowledge and intent in the charged offense). Any prejudice to Defendant's case can be cured by the court instructing the jury that "other acts" evidence may not be used to decide whether Defendant carried out the acts involved in the crimes charged in the Indictment but is only admissible to show Defendant's knowledge and intent. The court shall also instruct the jury that each count should be considered separately. *Lawson*, 173 F.3d at 671.

### *V. CONCLUSION*

For the foregoing reasons, **IT IS HEREBY ORDERED**:

(1) The court **DENIES** Defendant Patrick Florang's Objection to Report and Recommendation (docket no. 27).

(2) The court **ADOPTS** Chief Magistrate Judge Jarvey's Report and Recommendation dated August 22, 2006 (docket no. 23).

(3) The court **DENIES** Defendant Patrick Florang's Motion to Sever (docket no. 20).

(4) The period between the filing of Defendant's Objections and the filing of this Order is excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the conclusion of the hearing thereon); 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**SO ORDERED.**

**DATED** this 15th day of September, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA